## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SHIRLEY JENKINS, as Personal**
**Representative for the Estate of Jovon**
**Frazier, deceased,**

    **Plaintiff,**

**v.**                                                                        Case No.  8:13-cv-2796-T-30TGW

**CORIZON HEALTH, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Corizon Health, Inc.'s Motion for Attorneys' Fees and Costs (Dkt. 110) and Plaintiff's Response in Opposition (Dkt. 116). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Shirley Jenkins, as Personal Representative for the Estate of Jovon Frazier, deceased, brought this section 1983 case against Defendant Corizon Health, Inc., alleging Corizon was deliberately indifferent to Frazier's serious medical needs because Corizon should have referred Frazier to an outside healthcare provider sooner.  Specifically, Plaintiff alleged that, by the time Corizon referred Frazier to outside care, it was too late to avoid

amputation of his left arm and his subsequent death due to osteosarcoma. And that it was Corizon's custom, policy, and practice to discourage diagnostic testing and outside care for financial reasons.

On March 24, 2016, the Court granted Corizon's dispositive motion for summary judgment (Dkt. 108) and on March 25, 2016, final judgment was entered in its favor (Dkt. 109).

Corizon now argues that it is entitled to attorneys' fees and costs because Plaintiff's section 1983 claim was frivolous, unreasonable, or without foundation. In response, Plaintiff argues that a failure to prevail on the claim does not render the claim frivolous or groundless, and that the Court carefully considered Plaintiff's claim prior to rendering judgment in Corizon's favor. Upon careful consideration of the parties' arguments, the Court declines to award attorneys' fees to Corizon.

In *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182 (11th Cir. 1985), the Eleventh Circuit stated that "a district court may in its discretion award attorneys' fees to a prevailing defendant in a ... section 1983 action upon a finding that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation." *Id.* at 1188 (internal quotations omitted). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Id.* at 1189 (quoting *Jones v.*

*Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)); *see also Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978); *Hughes v. Rowe,* 449 U.S. 5, 14 (1980).

The Supreme Court in *Christianburg* cautioned, as follows:

> [i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421-22.

Notably, even if a defendant prevails on summary judgment in a section 1983 suit for damages, an award of attorneys' fees is not appropriate if the case was difficult, or if the "plaintiff's claims [were] meritorious enough to receive careful attention and review." *Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir. 1991); *see also Walker v. Nationsbank of Fla. N.A.,* 53 F.3d 1548, 1559 (11th Cir. 1995). In *Hughes*, the Supreme Court noted:

> Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals. Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, groundless or without foundation as required by *Christianburg.*

449 U.S. at 15-16 (internal quotations omitted).

In this case, the Court denied Corizon's motion to dismiss and the parties engaged in discovery. Ultimately, Plaintiff's claim against Corizon failed because the Court determined

on summary judgment that Plaintiff could not establish, as a matter of law, that Corizon had a policy or custom in place that was the moving force behind a constitutional violation. Admittedly, the Court stated in its Order that there was not "even a scintilla of evidence establishing, or even suggesting" a policy or custom. But this does not necessarily render Plaintiff's claim baseless. The history of this case reveals that Plaintiff's complaint was sufficiently "meritorious enough to receive careful attention and review." *Busby,* 931 F.2d at 787. Accordingly, Corizon's motion for attorneys' fees is denied.

Corizon also moves for costs in the amount of $13,520.56. Although Corizon is clearly entitled to costs under 28 U.S.C. § 1920, Corizon neglected to file a Bill of Costs and its motion does not otherwise explain the requested costs in any way (other than to attach Exhibit B, which is an itemization of the costs without any supporting documentation), or state that the costs were necessarily obtained for use in this case. Accordingly, the request for costs is denied without prejudice to Corizon to renew its request by filing an appropriate Bill of Costs. The Bill of Costs shall attach documentation in support of the requested costs.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Corizon Health, Inc.'s Motion for Attorneys' Fees and Costs (Dkt. 110) is denied to the extent stated herein.

2. Defendant shall file a Bill of Costs within fourteen (14) days of this Order. The Bill of Costs shall attach documentation in support of the requested costs.

3. Any objection to the Bill of Costs shall be filed within fourteen (14) days from the filing of the Bill of Costs.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record